UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| WILLIE A. DIXON, | CASE NO. 07-50578-NPO |
| DEBTOR. | CHAPTER 13 |
| WILLIE A. DIXON | PLAINTIFF |
| V. | ADV. PROC. NO. 09-05009-NPO |
| BAY FINANCIAL, INC. | DEFENDANT |

**MEMORANDUM OPINION DENYING MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

On October 15, 2009, this matter came on for hearing (the "Hearing") on the Motion to Dismiss or in the Alternative for Summary Judgment (the "Motion") (Adv. Dkt. No. 17) and the Memorandum in Support of Motion to Dismiss or in the Alternative for Summary Judgment (the "Brief") (Adv. Dkt. No. 18), both filed by William P. Wessler on behalf of Bay Financial, Inc. ("Bay Financial"), and the Memorandum in Opposition to Defendant's Motion to Dismiss or Alternatively for Summary Judgment (the "Response") (Adv. Dkt. No. 20), filed by Patrick A. Sheehan on behalf of Willie A. Dixon (the "Debtor") in this adversary proceeding (the "Adversary"). Having considered the pleadings and arguments of counsel, and being fully advised in the premises, the Court finds that the Motion is not well-taken and should be denied as set forth herein. Specifically, the Court finds as follows:[1]

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7052.

### Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A). Notice of the Hearing was proper under the circumstances.

### Factual Allegations

According to the Complaint for Injunctive Relief, Damages, and Other Relief (the "Adversary Complaint") (Adv. Dkt. No. 1), the Debtor makes the following allegations:[2] The Debtor filed a voluntary Chapter 13 petition and notice of the filing was sent to Bay Financial. Bay Financial lent money to the Debtor and filed a proof of claim which displayed the Debtor's social security number, date of birth, and financial account numbers, in violation of federal statute and Bankruptcy Rule 9037, thus exposing the Debtor, intentionally or negligently, to identity theft.

The Adversary Complaint sets forth four (4) counts as follows:

(A)  The first count seeks injunctive relief to remove the proof of claim from public access;

(B)  The second count alleges violation of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809;

(C)  The third count alleges contempt of court and violation of the Uniform Local Rules for the United States Bankruptcy Courts for the Northern and Southern District of Mississippi, Bankruptcy Rule 9037 and Civil Rule 5.2; and,

(D)  The fourth count alleges invasion of privacy under Mississippi state law.

---

[2] In considering the Motion pursuant to Federal Rule of Civil Procedure ("Civil Rule") 12(b)(6), the Court must "liberally construe the [Debtor's] complaint in favor of the [Debtor as the non-moving party] and assume the truth of all pleaded facts." Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). Civil Rule 12(b)(6) is made applicable pursuant to Bankruptcy Rule 7012.

**Issue**

Bay Financial's Motion addresses only the first three claims set forth in the Adversary Complaint and asserts that the action should be dismissed because "there is no private right of action for damages for the violation alleged in the complaint." *See* Motion, ¶ 2.

**Standard of Review**

A.   **Standard of Review for Motion to Dismiss**

In considering a motion under Civil Rule 12(b)(6), made applicable pursuant to Bankruptcy Rule 7012, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). To overcome a 12(b)(6) motion, the Debtor must plead "enough facts to state a claim to relief that is plausible on its face." Blackstock v. Sedgwick Claims Mgmt. Servs., Inc., 2009 WL 2754761, at * 1 (N.D. Miss. Aug. 26, 2009) (*citing* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007); *accord* Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937, 1948-51, 173 L.Ed. 2d 868 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Id. (*citing* Twombly, 550 U.S. at 555) (internal citations and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Id. (*quoting* Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007)).

### B. Standard of Review for Motion for Summary Judgment

Civil Rule 56, made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 7056, states that summary judgment is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party," and material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips Oil Co. v. OKC Corp., 812 F.2d 265, 272-73 (5th Cir. 1987). Civil Rule 56(e) further provides, in relevant part:

> When a motion for summary judgment is properly made and supported as provided in this rule, an opposing party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e).

Thus, the moving party bears the initial responsibility of informing the Court of the basis for its motion, and of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552-53. Once the moving party has made its required showing, the nonmovant must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file designate specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. In any event, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact

and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Medlock v. Commission for Lawyer Discipline, 24 S.W.3d 865, 870 (C.A. Tex. 2000).

## Discussion and Analysis

Bay Financial argues that the Debtor has no private right of action under the statutes or rules relied upon by the Debtor as a basis for this action. *See* Brief, p. 1. The Court need not address that assertion, however, because the Court may use its equitable powers under § 105(a) to enforce Bankruptcy Rule 9037 and Civil Rule 5.2. *See* §105(a); In re Sanchez, 372 B.R. at 309-12. Section 105(a) states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

§ 105(a).

The Court has authority under § 105(a) to issue sanctions pursuant to its civil contempt power. In Placid Ref. Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.), 108 F.3d 609, 613 (5th Cir. 1997), the Fifth Circuit held that, "[t]he language of [§ 105] is unambiguous. Reading it under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code." *See also* In re Harris, 297 B.R. 61, 70 (Bankr. N.D. Miss. 2003)("[Section] 105 provides a bankruptcy court with statutory contempt powers, in addition to whatever inherent contempt powers the court may have.").

The Fifth Circuit also has held that, "[j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." American Airlines, Inc. v. Allied Pilots Ass'n, 228 F.3d 574, 585 (5th Cir. 2000)(*quoting* United States v. United Mine Workers of America, 330 U.S. 258, 303-04, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

A bankruptcy court in Tennessee held that, "[a]ppropriate fines for civil contempt generally include the parties' actual damages incurred and reasonable attorney's fees." French v. American Gen. Fin. Srvcs., (In re French), 401 B.R. 295, 314 (Bankr. E.D. Tenn. 2009)(*quoting* Braun v. Champion Credit Union (In re Braun), 152 B.R. 466, 474 (N.D. Ohio 1993)). The French court went on to hold that "remedies are within the discretion of the court, and the party seeking contempt 'must put on credible evidence showing the amount of the loss sustained.'" Id. (*quoting* Distad v. United States (In re Distad), 392 B.R. 482, 487 (Bankr. D. Utah 2008)).

It is undisputed that Bay Financial violated Bankruptcy Rule 9037 and Civil Rule 5.2 by filing a proof of claim that included personal identifiers of the Debtor. The Debtor has, therefore, pled sufficient facts to withstand the Motion to Dismiss. This Court has the authority pursuant to § 105(a) to remedy the violation of Bankruptcy Rule 9037 and Civil Rule 5.2. Just as the Court may grant injunctive relief to remedy a violation of Bankruptcy Rule 9037 and Civil Rule 5.2 as it has by entering the Order Restricting Public Access to Proof of Claim and Allowing Substitution of Redacted Claim (Dkt. No. 64), so too may it compensate the Debtor for losses sustained as a result of Bay Financial's violation if those losses are proven by credible evidence.

In this case, a genuine issue of material fact exists as to whether the Debtor has suffered a loss as a result of Bay Financial's public disclosure of personal identifiers. While the deposition excerpt attached to Bay Financial's Brief demonstrates that the Debtor has not suffered the types of damages covered by the questions in the deposition, the deposition excerpt is not dispositive on the issue of whether the Debtor has suffered any compensatory loss as a result of Bay Financial's actions. The Court also notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. Kunin v. Feofonov, 69 F.3d 59, 62 (5th Cir. 1995); Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir. 1994); Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1200 (5th Cir. 1989).

## Conclusion

For the reasons stated herein, the Court finds that Bay Financial's Motion should be denied. A separate order consistent with this Memorandum Opinion will be entered by the Court in accordance with Bankruptcy Rules 7054 and 9021.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: February 5, 2010